**United States Bankruptcy Court**
**District of Maryland**

**IN RE:**                                                              Case No. _____

**Blaylock, Ryan William** _____   Chapter **13** _____
                        Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ **4,500.00**

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ **2,500.00**

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ **2,000.00**

2. The source of the compensation paid to me was: ☑Debtor ☐Other (specify): 

3. The source of compensation to be paid to me is: ☐Debtor ☑Other (specify): **Trustee**

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
   e. [Other provisions as needed]
   **Fee Agreement According to Appendix F4B - See Attached**

   **A Filing cost of $274.00 has been received by the firm prior to filing.**

   **An Advance of $449.00 has been received for postage, amendments, copies, PACER services and faxes of an ordinary nature or other actual and allowable expenses per Appendix D. Counsel will update this disclosure at Confirmation or Dismissal, and any surplus is to be refunded to Debtor or reserved for post Confirmation representation and any unpaid balance to be satisfied by Debtor.**

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:
   **Exclusions Per Appendix F in accordance with subdivision selected - See Attachment**

/s/ Ryan William Blaylock

Ryan William Blaylock

---

| CERTIFICATION |
|---|
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. |

_____ **July  5, 2011** _____        **/s/ John D. Burns** _____
                        Date                                    **John D. Burns 22777**
                                                                **The Burns LawFirm, LLC**
                                                                **6303 Ivy Lane Suite 102**
                                                                **Greenbelt, MD  20770**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**APPENDIX F**

### CHAPTER 13 DEBTOR'S COUNSEL
### RESPONSIBILITIES AND FEES

1. A copy of paragraphs 2. and 3. of this document, Chapter 13 Debtor's Counsel Responsibilities and Fees, must be delivered to the debtor(s) by counsel at the time counsel is employed, in addition to the retainer agreement by and between the debtor(s) and debtor's counsel.

2. With the exception of adversary proceedings, appeals, and United States Trustee audits, for which separate arrangements may be made, counsel must represent their client in all matters in the bankruptcy case as long as counsel is counsel of record. This includes defending motions, including motions for relief from stay, and bringing objections to claims and prosecuting motions on behalf of debtor. After the initial engagement, counsel may not demand payments from the debtor as a precondition to doing the work. Notwithstanding the foregoing, the Court may, upon prior application, allow counsel to enter a limited appearance, including, but not limited to, representation on a pro bono or reduced fee basis.

3. Counsel must remain as counsel of record until the entry of a court order allowing the withdrawal of appearance, or until the case is dismissed or closed. The failure to receive payment for services rendered or to be rendered may serve as the basis for counsel filing a motion to withdraw.

4. The following fee arrangements are presumed reasonable under Section 329 and allowable under Section 330 and require no application or approval, except as stated below. This presumption is rebuttable and the fee can be the subject of an order to justify the fee.

If no objection or order to justify fee is filed or entered, the presumptively reasonable fee is deemed allowed under 11 U.S.C. § 330 without the entry of an Order. However, if an objection or order to justify fee is filed or entered, the burden shall be upon debtor's counsel to prove that the fee should be allowed under 11 U.S.C. § 330 under the facts and circumstances of the case for which the fee is sought. The foregoing notwithstanding, any objection filed by a trustee or other party in interest shall describe the asserted factual basis for rebutting the presumption.

A. A flat fee, not to exceed $3,500.00 for representation of the debtor for all matters in the main case. However, Counsel may by application request approval of additional fees for work done upon matters that were both not reasonably expected and that are extraordinary, or for work done after 90 days following the entry of the order confirming plan until representation ends. Such application may be made on Local Form E with notice (Local Form E-1).

B. A flat fee, not to exceed $4,500.00 for representation for all matters in the main case. Except as stated in the following sentence, Counsel waives all opportunity to apply for additional work in the main case. Counsel may by application request approval of additional fees for work done upon matters that were not reasonably expected and that are extraordinary. Such application may be made on Local Form E with notice (Local Form E-1).

C. A flat fee, not to exceed $2,000.00 for representation of the debtor on all matters relating to plan confirmation. Counsel may apply for additional compensation for additional fees for prosecuting or defending motions not relating to the plan confirmation, including, without limitation, motions for relief from stay, or for claims objections. Such application may be made on Local Form E with notice (Local Form E-1). The requirement for representation in all matters in the bankruptcy case, stated in paragraph 2. above, applies without regard to the more limited coverage of the $2,000.00 fee arrangements set forth in this subparagraph.

D. In any fee arrangement described in subparagraphs A, B and C above, the plan may provide that the trustee will disburse any unpaid fees to counsel and other claimants whose claims are described in 11 U.S.C. § 507(a)(2), before any disbursement by the trustee to other creditors except claimants whose claims are described in 11 U.S.C. § 507(a)(1). Unless otherwise provided by the confirmed

Ver. 12.09

150

/s/ RWB

RWB

Plan, if, after payment to claimants whose claims are described in 11 U.S.C. § 507(a)(1), the remaining unpaid balance of the attorney's fee, the trustee's commission and other claims described in 11 U.S.C. § 507(a)(2) cannot be disbursed in full from the Plan payments due during the first twelve months of the Plan term, then the remaining unpaid balance of such fee shall be disbursed on a pro rata basis with any other priority and/or secured claims.[1]

5.  All fees are subject to subsequent disgorgement upon an order of the court.  No plan or confirmation order shall bar by res judicata or otherwise the subsequent review and potential disgorgement of the fee, upon objection or order to justify fee and notice thereof.

6.  Full compliance with Federal Rule of Bankruptcy Procedure 2016(b) is required, including the filing of a Supplemental Disclosure on Local Form E-2 of additional funds received from any person, other than distributions from the trustee under a confirmed plan.  Counsel shall state in the Disclosure of Compensation filed pursuant to Federal Rule of Bankruptcy Procedure 2016(b) whether the fee arrangement is one of the flat fees described in subparagraphs A, B or C of paragraph 4 above, and, if so, which such fee arrangement applies.

7.  Nothing in this Appendix F shall preclude, restrict, or prohibit counsel from entering into fee arrangements different from those arrangements described in Paragraph 4 above.  Counsel must file an application for compensation in accordance with the Bankruptcy Code, Bankruptcy Rules, and the Rules of this Court for any fee arrangement that is different from the fee arrangements described in Paragraph 4 above.


/s/ Ryan William Blaylock
Ryan William Blaylock

---

[1] Nothing in subparagraph 4.D is intended to alter or amend any obligation counsel may have under nonbankruptcy law concerning escrowing, administering or accounting for any funds disbursed to counsel pursuant to these procedures.

Ver. 12.09